IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

KAREN E. MILLER,                    )
                                    )
           Plaintiff         )
                                    )  CIVIL ACTION NO.
vs.                                 )
                                    )
LTD FINANCIAL SERVICES, L.P.        )
                                    )
           Defendant         )
                                    )

## COMPLAINT

NOW COMES the Plaintiff, KAREN E. MILLER ("Plaintiff"), and her attorneys, Kimmel & Silverman, P.C., for her Complaint against the Defendant, LTD FINANCIAL SERVICES, L.P. ("Defendant").

Plaintiff alleges and states as follows:

### I.  PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq*.

### II.  JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1331. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

### III.  PARTIES

3. Plaintiff is an adult individual who resides in Galion, Ohio 44833.

4. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692(a)(3), as he is a natural person allegedly obligated to pay a debt.

5. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692(a)(6), in that it held itself out to be a company collecting a consumer debt allegedly owed to another.

6. Defendant is a national debt collection company, with its principal place of business at 7322 Southwest Freeway, Suite 1600, Houston, Texas 77074.

7. Defendants acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV.  BACKGROUND ON FDCPA

8. The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute which prohibits a catalog of activities in connection with the collection of debts by third parties.  See 15 U.S.C. §1692 et seq.  The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights.  15 U.S.C. §1692(k).  The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

9. In particular, the FDCPA broadly enumerates several practices considered contrary to its stated purpose and forbids debt collectors from taking such action. The substantive heart of the FDCPA lies in three broad prohibitions. First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692(d). Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692(e). And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692(f). Simply, designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, the FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements, in connection with the collection of a debt.

10. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692(b).

11. Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote

## V.    FACTUAL ALLEGATIONS

12. At all times relevant, Defendant was seeking to collect an alleged consumer debt from Plaintiff, which was connected to a CitiBank Macy's credit card.

13. The alleged debt arose from transactions that were primarily for personal, family or household purposes.

14. On or around June 12, 2011, Defendant sent Plaintiff a written correspondence, demanding payment of the alleged debt, and listing an account balance of $258.66. A true and accurate copy of the June 12, 2011 correspondence is attached as Exhibit "A".

15. On or around June 30, 2011, Defendant sent Plaintiff another written correspondence, listing the same balance of $258.66, but offering a settlement of $181.06. A true and accurate copy of Defendant's June 30, 2011 correspondence is attached as Exhibit "B".

16. On or around July 9, 2011, Plaintiff sent Defendant a Moneygram money order in the amount of $181.06 in order to settle the account in its entirety, in accordance with Defendant's terms. A true and accurate copy of Plaintiff's July 9, 2011 money order is attached as Exhibit "C".

17. On or around July 13, 2011, four days after receiving Plaintiff's money order, which settled the account in its entirety, Defendant inexplicably sent Plaintiff another written correspondence, listing the account balance as being $258.66. A true and accurate copy of Defendant's July 13, 2011 correspondence is attached as Exhibit "D".

18. On July 14, 2011, Defendant sent Plaintiff a highly confusing and deceptive communication, in which Defendant lists the outstanding balance as being $77.60, which is the sum of the initial balance less the $181.06, which Plaintiff paid in order to settle the account in its entirety, in accordance with Defendant's terms. A true and accurate copy of Defendant's July 14, 2011 correspondence is attached as Exhibit "E".

19. Additionally, in the July 14, 2011 correspondence, despite listing a balance of $77.60, Defendant suggested that Plaintiff "[m]ake 1 payment of $206.93 by 7/28/2011 and save $129.33-."

20. In stating so much, Defendant has intentionally instructed Plaintiff to make a payment that she clearly does not owe, and is even greater than the balance that Defendant falsely listed in the correspondence.

21. Plaintiff believes that Defendant did so in a deliberate attempt to enrich itself through extra-contractual payments at the expense of consumers, who lack financial and legal sophistication.

22. Defendant attempted to collect money from Plaintiff, which it clearly knew Plaintiff did not owe.

23. Defendant acted as described herein with the intent to harass, deceive, upset and coerce payment from Plaintiff.

### VI. CONSTRUCTION OF APPLICABLE LAW

24. The FDCPA is a strict liability statute. Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages."

Russell v. Equifax A.R.S., 74 F. 3d 30 (2d Cir. 1996); see also Gearing v. Check Brokerage Corp., 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); Clomon v. Jackson, 988 F. 2d 1314 (2d Cir. 1993).

25. The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. Clark v. Capital Credit & Collection Services, Inc., 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C §1601 et seq., is a remedial statute, it should be construed liberally in favor of the consumer." Johnson v. Riddle, 305 F. 3d 1107 (10th Cir. 2002).

26. The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard. See Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985); Graziano v. Harrison, 950 F. 2d 107 (3d Cir. 1991); Swanson v. Southern Oregon Credit Service, Inc., 869 F.2d 1222 (9th Cir. 1988). The FDCPA was not "made for the protection of experts, but for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." Id. The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices. Clomon, 988 F. 2d 1318.

### VII. ALLEGATIONS

### COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

27. Defendant's conduct violated the FDCPA in multiple ways, including but not limited to:

    a) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the debt plaintiff does not as owe in violation of 15 U.S.C 1692(d);

    b) Using false, deceptive, or misleading misrepresentations or means in connection with the collection of an alleged debt in violation of § 15 U.S.C. 1692(e);

    c) Making false representations about the character or amount of a debt, in violation of § 15 U.S.C. 1692(e)(2);

    d) Making deceptive, false or misleading representations when attempting to collect a debt in violation of § 15 U.S.C. 1692(e)(10);

    e) Using unfair or unconscionable means to collect or attempt to collect any debt, in violation of 15 U.S.C. §1692(f); and

    f) Attempt to collect an amount, which is not expressly authorized by contract or agreement, in violation of 15 U.S.C. §1692(f)(1).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A. Actual damages;

    B. Statutory damages;

    C. Costs and reasonable attorney's fees; and,

    D.    For such other and further relief as may be just and proper

## VIII. DEMAND FOR A JURY TRIAL

Plaintiff demands a trial by jury as to all issues triable.

Respectfully submitted,

DATED:  10/11/11        /s/ Christina Gill Roseman
Christina Gill Roseman
Attorney ID #:  0083325
KIMMEL & SILVERMAN, P.C.
210 Grant Street, Suite 202
Pittsburgh, PA 15219
Phone: (412) 566-1001
Fax: (412) 566-1005
Email: croseman@lemonlaw.com